IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Robert A. Hamer and Jeanette Y. Tuttle Hamer,<br>   Debtor(s) | Bankruptcy No. 21-21680-TPA<br><br>Chapter 7 |
| Eric E. Bononi, Trustee,<br>   Movant<br>       v.<br>Robert A. Hamer, Jeanette Y. Tuttle Hamer and James Christie<br>   Respondent(s) | Document No.<br><br>Hearing Date & Time: Thursday, October 28, 2021 at 11:30 AM |

**MOTION TO SELL PROPERTY FREE AND DIVESTED OF LIENS AND ENCUMBRANCES**

 AND NOW, comes Eric E. Bononi, Trustee, by and through his attorney Bononi & Company, P.C., and files this Motion to Sell Property Free and Divested of Liens and Encumbrances, as follows:

 1. The Bankruptcy Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and venue pursuant to 28 U.S.C. § 1409. This motion presents the core proceeding under 28 U.S.C. § 157. The Trustee has authority to file this motion and to sell the real and personal property free and divested of liens under 11 U.S.C. § 363(f).

 2. On July 24, 2021, Debtors filed a petition for relief under Chapter 7 of Title 11 United States Bankruptcy Code.

 3. Movant was duly appointed Trustee and is now the acting and qualified Trustee in this case.

 4. The estate has an interest in the following property which the trustee requests authority to sell pursuant to 11 U.S.C. §363(f) (the "Property"):

  a. Commercial property: 1704 Noblestown Road, Pittsburgh, PA 15205, "AS IS" with all faults and WITHOUT WARRANTIES. Tax Map No. 0040-M-00277-0000-00

 5. The property value for sale by the Bankruptcy Estate has been determined by the Trustee to be roughly $10,000.00, based upon the Trustee's business judgment.

 6. The commercial property is in poor condition and also has an issue with the underground gas tanks. The Trustee has disclosed this to the buyer and the buyer is purchasing the property with all risks attached.

 7. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/Estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

 8. The Trustee has received an offer to purchase the Property from James Christie who is the tenant of the property (hereinafter "Purchaser"), for a sale price of $10,000.00, free and clear of all liens and encumbrances. A copy of the Offer Letter is attached hereto as Exhibit "A".

9. Of the proceeds, $5,000.00 will be used to pay the Trustee's Compensation, Attorney Fees and Expenses and Accountant Fees and Expenses. Of the remaining $5,000.00, the Clerk will be paid for their costs and the remaining will be distributed pro rata between the unsecured creditors.

10. To the best of Trustee's knowledge and based upon representations from the Purchaser, the Purchaser is the tenant of the debtor but is not associated with the Trustee.

11. Purchaser has been advised and the agreement itself acknowledges that this offer is subject to Bankruptcy Court approval. Notice to the Purchaser is hereby given that this is subject to advertising, and higher bids at the sale confirmation hearing (at which Purchaser may appear and bid). The Court will direct bidding procedure.

12. The Purchase Price being offered to the Trustee shall constitute the highest and best offer that the Trustee has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In Re Abbots Dairies of Pennsylvania, Inc.,* 788 F.2d 142 (3rd Cir. 1986).

13. The Trustee believes and therefore avers that the best interests of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of said Real Property, free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to all liens and/or encumbrances, including but not limited to those of all parties named as Respondents hereto, including but not limited to the statutory, mortgage, and/or judicial liens of the Respondents hereto as set forth above, excepting only those rights of way, easements and restrictions of record or as are apparent from an inspection of the Real Property.

14. The Real Property will be sold free and clear of any and all liens, claims, and/or encumbrances (judicial, statutory, and consensual), security interests, charges, and interests, including ownership interests, indentures, loan agreements, options, rights of refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or his property, of any kind or nature, all of which shall be divested from the Real Property, excepting only environmental claims, easements, and rights of way, as well as restrictions, exceptions, reservations, and covenants of record and/or as an inspection of the Real Property would disclose, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, known or unknown,

15. The sale of the Real Property shall be a sale of the Real Property in "AS IS", "WHERE IS" condition, without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has inspected the Real Property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/his/her agents, except as otherwise set forth herein.

16. To assure that the sale is a sale for the market value of the Real Property, higher and/or better offers for said realty will be accepted at the time of hearing on the sale of said realty (said higher offers being made in increments of $1,000.00), pursuant to §363(b), and the sale to the maker of the highest and best offer should be approved, authorized and confirmed.

17. The Trustee believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of this Estate, and that a higher and better price would not be obtained through continued marketing of the Real Property.

18. In order to bid at the sale hearing, a prospective bidder must provide evidence of his or her ability to pay the balance of the purchase price at the time of closing, either in the form of a letter from a bank indicating that the proposed purchaser has the required funds on hand, a bank statement, or similar documentation acceptable to the Trustee. Such documentation are due no later than 72 hours prior to the day and time of the sale hearing.

Closing shall occur on or before ten days from the date the Order of Sale becomes final, TIME BEING OF THE ESSENCE. Possession shall be delivered at closing.

19. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in his sole and exclusive discretion, may accord to the purchaser) the Trustee may, at his option, declare a default, retain the deposit for the benefit of the Estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this Order. The Trustee is hereby authorized (but not required) to sell the Real Property to the next highest bidder, and so on, in order to liquidate the Real Property for the benefit of the Estate.

20. Title shall be conveyed by Trustee's Special Warranty Deed, and the Trustee is, pursuant to §363(b), specifically accorded the authority to convey the Real Property described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear of record or as may be apparent from an inspection of the Real Property.

21. The purchaser shall be deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the Real Property so purchased.

22. The Trustee has not given nor been given any consideration for his agreement hereto except as herein set forth.

23. Real estate taxes shall be pro-rated on a fiscal year basis, between the purchaser and the Estate.

24. Real estate transfer taxes, if any, shall be pro-rated between the parties equally.

25. The proceeds of sale of the Real Property shall be used as follows, to wit:

    a. to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees;

    b. to pay any other such costs as may be properly incurred, including but not limited to, title insurance, costs of cleaning the property and maintaining the lawn, customary closing expenses, including sales commissions, and other such items as provided for in the motion or to effect said sale, and any real estate taxes, penalties, interest and costs for prior years as remain unpaid, as well as such amounts (if any) as may be due and owing upon statutory liens for water and/or sewage charges assessed by municipal authorities providing such services to said Real Property;

    c. to pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment);

    d. to pay lien holders, if any, in the order of their priority, to the extent that the claim(s) are not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court; and

    e. All remaining funds shall be held by the Trustee pending further Order of this Court.

26. This Motion for Sale has been listed on the court EASI website.

WHEREFORE, the trustee requests the Court enter an order authorizing this sale on the terms and conditions stated herein, to allow higher and better offers and that all liens be divested and that this Court grant such other relief as is reasonable and just.

DATE: <u>September 23, 2021</u>

Prepared by:
Eric E. Bononi, Esq.

Respectfully submitted,

 ***/s/ Eric E. Bononi***
Eric E. Bononi, Esquire
20 N. Pennsylvania Ave, Suite 201
Greensburg, PA  15601-2337
bankruptcy@bononilaw.com
(724) 832-2499
PA ID# 44730